UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICK GARRITY,<br><br>    Plaintiff,<br>    vs.<br><br>DANIEL KLIMISCH, individually and in his official capacity, JOSEPH HEALY, individually and in his official capacity, and YANKTON COUNTY, SOUTH DAKOTA,<br><br>    Defendants. | 20-CV-4027-LLP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND** |

Pending before the Court is Plaintiff, Patrick Garrity's ("Garrity") Motion to Amend Complaint, Doc. 11. For the following reasons, Garrity's Motion to Amend is granted.

**BACKGROUND**

On February 11, 2020, Plaintiff, Patrick Garrity ("Garrity") filed a complaint against Daniel Klimisch and Joseph Healy, individually, and in their official capacities as elected members of the Yankton County Commission, and against Yankton County. Doc. 1, ¶¶ 7, 11. In the original Complaint, Garrity alleges claims for Family Medical Leave Act ("FMLA") entitlement, FMLA retaliation, and First Amendment retaliation under 42 U.S.C. § 1983. Doc. 1.

On April 14, 2020, this Court filed a Rule 16 Scheduling Order setting a September 1, 2020, deadline to amend the pleadings and join additional parties; a March 1, 2021, discovery deadline; and a trial date of July 13, 2021. Doc. 9.

On September 1, 2020 (within the court-ordered deadline to amend pleadings), Garrity filed a motion to amend his Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Doc. 11. Garrity seeks to add Yankton County Commissioner Gary Swensen as a defendant in his individual and official capacities and to add claims for wrongful termination and defamation arising under South Dakota law. Doc. 11-1. In his brief in support of his Motion to Amend Complaint, Garrity states that the case is in the early discovery phase with both parties

having exchanged Rule 26 Disclosures and some written discovery. Doc. 12 at 1. Garrity states that no depositions have been taken. Doc. 12 at 1.

After the original Complaint was filed, Garrity became aware of additional information which prompted him to seek leave to add Swensen as a defendant as well as the additional claims. Specifically, Garrity became aware of Facebook post that Yankton County Commissioner Gary Swensen published on his public Facebook page on November 4, 2019, that included allegedly false and defamatory statements about Garrity's activities as a Yankton County employee. Doc. 12 at 1-2. In addition, Garrity received a copy of the Yankton County Handbook in effect during his employment which sets forth the procedures the County follows in disciplinary and termination proceedings regarding its employees, and which Garrity alleges Defendants failed to follow. Doc. 12 at 2.

Defendants are opposed to Garrity's Motion to Amend Complaint. Doc. 13.

## LEGAL STANDARD

### Fed. R. Civ. P. 15(a)

"The Federal Rules of Civil Procedure liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). A timely motion to amend pleadings should normally be granted under Rule 15(a) absent good reasons to the contrary. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). A district court appropriately denies the motion to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citation omitted).

## DISCUSSION

Garrity's original Complaint alleged claims for FMLA interference, FMLA retaliation, and First Amendment retaliation against Yankton County Commissioners Healy and Klimisch in their official and individual capacities and against Yankton County. In his proposed Amended

Complaint, Garrity seeks to add Yankton County Commissioner Gary Swensen as a defendant in his individual and official capacity and to add claims for wrongful termination against the Defendants and a claim of defamation against Swensen—both claims arising under South Dakota law.

## I.  Adding Swensen as a Defendant
### A.  Federal Rule of Civil Procedure 20(a)

When a motion to amend seeks to add parties that are not required, which Plaintiffs seeks to do here by adding Yankton County Commissioner, Gary Swensen, as a defendant, the Court must consider Rule 20 of the Federal Rules of Civil Procedure. *Painter v. Midwest Health, Inc.*, Civ. No. 19-2336, 2020 WL 5016878, at *6 (D. Kan. Aug. 25, 2020) (citing *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) ("[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."); *see also, e.g., Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (stating that a plaintiff's petition to amend its pleadings to add a new defendant "brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure."); *Kohn v. Am. Hous. Found I., Inc.*, 170 F.R.D. 474, 475-76 (D. Colo. 1996) (stating that Rule 15(a) is generally applicable to amendments and Rule 20(a) focuses on particulars of amendment which joins additional parties).

Rule 20(a) of the Federal Rules of Civil Procedure governing permissive joinder of parties states:

> (2) *Defendants*. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.
>
> (3) *Extent of Relief*. Neither a plaintiff or defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more of the plaintiffs according to their rights, and against one or more defendants according to their liabilities.

Fed. R. Civ. P. 20(a). The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend

to lessen the delay, expense, and inconvenience to all concerned." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (internal citations omitted). Joinder is strongly encouraged and courts favor "the broadest possible scope of action consistent with fairness to the parties." *Id.* at 1332-33. A defendant is properly joined under Rule 20 when the plaintiff has asserted a right to relief against each defendant that arises "out of the same transaction or occurrence, or series of transactions or occurrences, and there is some question of law or fact that is common to all the parties. Fed. R. Civ. P. 20(a). A defendant is not properly joined unless the plaintiff can satisfy both criteria under Rule 20. *See Mosley*, 497 F.2d at 1333.

Courts employ a case by case analysis to determine whether a particular factual situation constitutes a transaction or series of transactions. *Id.* In *Mosley*, the Eighth Circuit defined "transaction" as a word of "flexible meaning." *Id.* The court stated that, "[i]t may comprehend a series of occurrences, depending not so much on the immediateness of their connection as upon their logical relationship." *Id.* (quoting *Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926)). Thus, according to the Eighth Circuit, "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.*

### B. Analysis

In his proposed Amended Complaint, Garrity has sued Healy, Klimisch, and Swensen in their individual capacities and in their official capacities as Yankton County Commissioners, and has also named Yankton County as a defendant. Doc. 11-1. Swensen is properly joined as a defendant in this case as long as Garrity has asserted a right to relief against each of these defendants that arises "out of the same transaction or occurrence, or series of transactions or occurrences, and there is some question of law or fact that is common to all the parties." *See* Fed. R. Civ. P. 20(a). The Court concludes that Garrity's allegations in his proposed Amended Complaint satisfy Rule 20(a) requirements for joinder, at the very least with regard to Garrity's FMLA claims. The Court finds that the allegations support a reasonable inference that Swensen was personally involved as a member of the Yankton County Commission with the alleged interference with Garrity's FMLA rights and in retaliating against Garrity for exercising such rights, and that Swensen may be liable for such actions not only in his official, but also in his individual capacity. *Darby v. Bratch,* 287 F.3d 673, 681 (8th Cir. 2002) (holding that the FMLA

4

imposes individual liability on public officials acting in their individual capacities because the FMLA's definition of "employer" includes "any person who acts, directly or indirectly, in the interest of any employer to any of the employees of such employer[.]") (citing 29 U.S.C. § 2611(4)(A)(ii)(I)).

The Family Medical Leave Act ("FMLA") entitles eligible employees to take a total of twelve weeks of leave during a twelve-month period due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). When an employee completes his FMLA leave, he is generally entitled to be reinstated to his or her previous position, or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the FMLA. *Throneberry v. McGehee Desha Cty. Hosp.*, 403 F.3d 972, 977 (8th Cir. 2005) (quoting 29 U.S.C. § 2615(a)(1)). A violation of this provision creates what is commonly known as the interference theory of recovery. *Id.* (citing 29 U.S.C. § 2615(a)). "Interference includes not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1050 (2006) (quoting 29 C.F.R. § 825.220(b)). "[E]very discharge of an employee while [he] is taking FMLA leave interferes with an employee's FMLA rights." *Id.* at 1050-51 (alteration in original). The FMLA also prohibits employers from discriminating against an employee for asserting his rights under the Act. *Id.* at 1051 (citation omitted). "This prohibition necessarily includes consideration of an employee's use of FMLA leave as a negative factor in an employment action." *Id.* (citation omitted). The difference between the two claims is that the interference claim merely requires proof that the employer denied the employee his entitlements under the FMLA, while the retaliation claim requires proof of retaliatory intent. *Id.*

In his proposed Amended Complaint, Garrity alleges that on February 21, 2019, Garrity's physician recommended that he take a medical leave of absence because of a serious medical condition. Doc. 11-1, ¶ 62. It appears that the County became aware of Garrity's intent to take FMLA leave around February 21, 2019, when Garrity and his physician submitted the County's FMLA form requesting an extended leave of absence. Doc. 11-1, ¶ 62. However, per County policy, before taking FMLA leave, Garrity was first required to exhaust the 300 hours of sick leave

and 200 hours of vacation leave he had accrued.  Doc. 11-1, ¶ 99.  Garrity was advised in a letter from the States Attorney that at its March, 5, 2019, meeting Yankton County Commissioners were going to determine whether Garrity was considered a "key employee" under the County's FMLA policy.  Doc. 11-1, ¶ 69.

While an employee on FMLA leave is generally entitled to be restored to the position he occupied before he took leave, an employer may deny restoration to a "key employee[1]" if the employer "determine[s] that restoring the employee to employment will cause substantial and grievous economic injury to the operations of the employer."  *Oby v. Baton Rouge Marriott*, 329 F.Supp.2d 772, 782-83 (8th Cir. 2004).  Restoration may be denied only when restoration itself—not the employee's absence—will cause substantial and grievous economic injury.  *Id.*; *see also* 29 C.F.R. § 825.218(a).  "If permanent replacement is unavoidable, the cost of then reinstating the employee can be considered in evaluating whether substantial and grievous economic injury will occur from restoration."  29 C.F.R. § 825.218(b).  If restoration "threatens the economic viability of the [employer]" or "causes substantial, long-term economic injury," then the standard would be met, but "[m]inor inconveniences and costs that the employer would experience in the normal course of doing business would certainly not" meet the standard.  29 C.F.R. § 825.218(c); *see, e.g., Obey*, 329 F.Supp.2d at 783; *O'Grady v. Catholic Health Partners Servs.*, Civ. No. 00-7144, 2002 WL 221583, at *7 (N.D. Ill. Feb. 13, 2002).

"As soon as an employer makes a good faith determination, based on the facts available, that substantial and grievous economic injury to its operations will result if a key employee who has given notice of the need for FMLA leave . . . is reinstated, the employer shall notify the employee in writing of its determination, that is cannot deny FMLA leave, and that it intends to deny restoration to employment on completion of FMLA leave."  29 C.F.R. § 825.219(b).  Among other things, the notice must explain the basis for the employer's finding that substantial and grievous economic injury will result from the restoration to employment.  *Id.*  On March 5, 2019, Garrity received a letter stating that the Yankton County Commission had determined that Garrity met the definition of a "key employee" as defined by the FMLA and that "restoration of Mr. Garrity who is on indefinite leave to this position when and/or if he is able to return will cause substantial

---

[1] "The key employee provisions of the FMLA only apply to salaried employees among the highest paid 10 percent of the employees employed by the employer within 75 miles of the facility at which the employee is employed." *Oby*, 329 F.Supp.2d at 782 (citing 29 U.S.C. § 2614(b)(2)).

6

and grievous economic injury to the operations of Yankton County." Doc. 11-1, ¶ 72. The letter stated further that "[n]ot only is the cost to temporarily operate the office until a permanent solution can be determined significant, but also the citizens of Yankton County rely on the office for information, guidance, permits, conditional uses and variances. In addition, significant revenue is generated by this position for Yankton County." Doc. 11-1, ¶ 72.

> The Regulations implementing the FMLA provides that:
>
> After notice to an employee has been given that substantial and grievous economic injury will result if the employee is reinstated to employment, an employee is still entitled to request reinstatement at the end of the leave period even if the employee did not return to work in response to the employer's notice. The employer must then again determine whether there will be substantial and grievous economic injury from reinstatement, based on the facts at that time. If it is determined that substantial and grievous economic injury will result, the employer shall notify the employee in writing (in person or by certified mail) of the denial of restoration.

29 C.F.R. § 825.219(d); *see also Phillips v. Mathews*, 547 F.3d 905, 914 (8th Cir. 2008) (Colloton, J. concurrence) ("The termination of an employee for exercising rights under the FMLA could be viewed as actionable under § 2615(a)(1) as a denial of the employee's right under 29 U.S.C. § 2614(a) to be restored to an equivalent position upon return from FMLA leave."). It is alleged that on April 16, 2019, Garrity attended an executive session meeting with the Yankton County Commission to discuss returning to work to fill the open Zoning Code Enforcer position. Doc. 11-1, ¶ 73. It is alleged that Garrity was qualified for this position and that he could perform the job duties. Doc. 11-1, ¶ 73. As Garrity entered the executive session, Garrity alleges that Swensen walked out of the meeting and refused to participate. Doc. 11-1, ¶ 74. Garrity advised the remaining Commissioners that he would be willing and able to return to work in the Zoning Enforcer position, but was told by Healy that the, "job no longer exists." Doc. 11-1, ¶ 74. The proposed Amended Complaint alleges that the County did not post the Zoning Enforcer position immediately after the meeting and that the position remained unfulfilled throughout 2019. Doc. 11-1, ¶ 75. It is unclear from the proposed Amended Complaint if the position was filled at a later date.

On August 12, 2019, Garrity's FMLA leave began. Doc. 11-1, ¶ 83. On August 21, 2019, Garrity alleges that he contacted the States Attorney through an attorney to discuss his employment options. Doc. 11-1, ¶ 84. The States Attorney stated that Yankton County was willing to pay

7

Garrity $10,000.00 as a severance payment, but that Garrity had to act upon the offer by August 22, 2019. Doc. 11-1, ¶ 84. The States Attorney allegedly represented that the Yankton County Commission had not wanted to frighten or fire Garrity and that it respected his performance. Doc. 11-1, ¶ 85.

On August 22, 2019, Garrity's attorney made arrangements with the States Attorney to discuss Garrity's employment options with the Yankton County Commissioners. Doc. 11-1, ¶ 85. It is alleged that on August 23, 2019, Garrity's attorney, Healy, and the States Attorney met by phone to discuss Garrity returning to work for the County, that Garrity wanted to do so in a less stressful position, if possible, in the Code Enforcer position. Doc. 11-1, ¶ 86. The States Attorney asked what would happen if Garrity was not hired and Garrity's lawyer stated that she only wanted to talk about what would happen if Garrity was hired. Doc. 11-1, ¶ 86. Healy allegedly asked if Garrity would expect the same salary. Doc. 11-1, ¶ 86. Garrity's attorney responded that Garrity would likely request the same salary as he did not believe there were grounds[2] to terminate him, but added that Garrity would consider a different position at a different pay rate. Doc. 11-1, ¶ 86. Later that morning, Yankton County delivered a termination letter by email to Garrity's attorney that stated: "On Friday, August 23, 2019, the Yankton County Commission terminated Patrick Garrity's employment with Yankton County effective immediately." Doc. 11-1, ¶ 87. It is alleged that Garrity was not terminated for cause. Doc. 11-1, ¶ 88. On October 8, 2019, the States Attorney sent a letter to Garrity stating that "Patrick Garrity is no longer employed with Yankton County." Doc. 11-1, ¶ 89. It is alleged that Garrity's former position with Yankton County—the Zoning Administrator position—was not filled until November 15, 2019. Doc. 11-1, ¶ 74.

Based on the facts, alleged in the proposed Amended Complaint, a reasonable inference can be made that in his role as Yankton County Commissioner, Swensen personally participated along with the other named Defendants in interfering with Garrity's FMLA rights and in retaliating against Garrity for exercising his rights under the FMLA. Accordingly, the Court concludes that

---

[2] Garrity alleges that his annual performance evaluations showed that Garrity's performance met or exceeded Yankton County's expectations and was consistently rated as "outstanding" and "very good" throughout his employment. Doc. 11-1, ¶ 21. His final performance evaluation prior to his termination was issued on December 14, 2018. In his performance evaluation by Yankton County Commissioner Don Kettering, Yankton County rated Garrity as "outstanding" or "very good" in every category of job skill performance. Doc. 11-1, ¶ 22.

Swensen is properly joined as a defendant in his individual and official capacities in this matter under Rule 20(a) of the Federal Rules of Civil Procedure.

## II. Adding Claims

Garrity seeks to amend his Complaint to add a claim for wrongful termination and defamation under South Dakota law. Garrity's motion to amend was filed within the deadline for amending pleadings that was detailed in the Court's scheduling order. *See* Doc. 9.

Defendants have filed an opposition to Garrity's Motion to Amend Complaint. Doc. 13. Defendants argue that while they object to any amendment, they particularly object to Garrity adding a new claim of defamation against Swensen. Doc. 13 at 2.

### A. Defamation Claim

Garrity's employment with Yankton County was terminated by the Yankton County Commissioners on August 23, 2019. Doc. 11-1, 87. Garrity states that after the initial Complaint was filed with the Court in this case on February 11, 2020, he became aware of a Facebook post that Yankton Country Commissioner Swensen had published on his public Facebook page on November 4, 2019, that included allegedly false and defamatory statements about Garrity's activities as a Yankton County employee. Doc. 12 at 1-2. Garrity alleges that Swensen used his public Facebook page to communicate information about Yankton County business with members of the Yankton community where Garrity resides. Doc. 11-1, ¶ 160. The alleged defamatory statements made by Swensen include:

> You forgot about the Eye in the Sky Camera that we have video of you your wife and Denise Webben (sic) in your office playing on the Computers while you supposed (sic) to be Sick….
>
> ON TAPE ALSO. . .Ther has been some Strange goings…on for a long time..in the Planning and Zoning office… While Yankton Country keeps Building on Expire [sic] and No Permits that we're [sic] given without the Knowledge of the Chairman……That's Right The Yankton County Commission also Fired that temporary P and Z guy for doing that. Plus other reasons… Gary Swensen County Commissioner……"

Doc. 11-1, ¶ 96. Garrity seeks leave to amend his complaint to add a claim against Swensen for defamation.

Defendants oppose the motion to add a claim of defamation against Swensen. Doc. 13. They argue that they will be prejudiced by the addition of such a claim. Doc. 13. Defendants argue that all of the causes of action in the initial Complaint are directly related to the termination of Garrity's employment with the Planning and Zoning Department at Yankton County whereas the alleged conduct that support Garrity's state law defamation claim against Swensen occurred after Garrity's employment was terminated. Doc. 13 at 2. Defendants object to the proposed amendment beause it not only involves an unrelated cause of action, but also because it does not involve any of the initial defendants in the lawsuit. Doc. 13 at 4. Defendants argue that should the defamation claim proceed to trial, Yankton County, Healy, and Klimisch will have to differentiate Swensen's acts from the official acts of Yankton County, Healey, and Klimisch in regard to the termination of his employment, and the defamation that allegedly occurred after his employment was terminated. Doc. 13 at 4. Should Garrity be permitted to bring his defamation claim, Defendants argue that the jury may conflate Swensen' alleged conduct with Garrity's termination of employment at Yankton County. Doc. 13 at 4-5.

Rule 15(a) of the Federal Rules of Civil Procedure dictates that leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has explained the purposes of Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).

The Court has already determined that Swensen may be properly joined as a defendant in this case because Garrity has asserted a claim to relief against Swensen and each of the other Defendants that arises out of the alleged interference by Defendants with Garrity's FMLA rights and retaliation against Garrity for the exercising his FMLA rights. Once parties are properly joined under Rule 20(a) as to a particular claim (in this case Garrity's FMLA claims), additional claims (such as Garrity's defamation claim), "whether they are related or unrelated or they are by or

against all or less than all of the parties may be joined under Rule 18(a)." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1585 (3d ed. 2020); 7 Charles Alan Wright et al, *Federal Practice and Procedure* 1655 (3d ed. 2020) ("If the requirements of joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.").

The Court does not find that undue prejudice will result in trying Garrity's defamation claim with the FMLA and wrongful termination claims alleged against he and the other Defendants and finds distinguishable the cases cited by Defendants in their opposition brief. In *Seymour/Jones v. Lefebvre*, Civ. No. 90-2267, 1991 WL 165203, at *1 (E.D. Penn. Aug. 22, 1991), plaintiff sought to file a supplemental complaint—a procedure that is governed by Rule 15(d) of the Federal Rules of Civil Procedure. Rule 15(d) provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events *that have happened since the filing of the pleading to be supplemented*, thereby bringing the case up to date. 6A Charles Alan Wright et al, *Federal Practice and Procedure* § 1504 (3d ed. 2020). Although under Rule 15(d), a party may assert separate or additional claims or defenses arising after commencement of the action, courts typically require some relationship between the original and the later accruing material. *Id.*; *see also Seymour/Jones*, 1991 WL 165203, at *1 ("[A] motion seeking leave to file a supplemental pleading under Rule 15(d) is properly denied where the claim asserted in the supplemental pleading is unrelated to the original pleading.") (citing 6A Charles Alan Wright et al, *Federal Practice and Procedure* § 1510). The district court in *Seymour/Jones* denied the plaintiff's motion to file a supplemental complaint that added a claim for improper conduct on the part of the defendant and other prison officials for denying him outside work clearance and pre-release home furlough status to his original claim alleging that he was improperly photographed as a prisoner in a news segment concerning overcrowding at the prison. *Id.* The court found that the proposed amendments involved more than additional related claims or legal theories and were "entirely new and separate claims based on unrelated facts and events." *Id.* Additionally, the district court stated that the claims would involve additional discovery at a point when the discovery period had almost expired and that allowing the proposed amendments would involve significant prejudice to the defendants. *Id.*

11

Unlike in *Seymour/Jones*, the alleged defamatory conduct in this case arose prior to Garrity's filing of his original complaint. Although the parties have undergone some discovery, no depositions have been taken and the discovery deadline is not until March 1, 2021. Doc. 9. Moreover, while additional claims based on conduct occurring after the complaint is filed typically must be related to the original pleading, as discussed above, because Swensen is properly joined as a defendant in this case, Rule 18(a) may be invoked to assert separate claims against him even if they do not involve common questions of law or fact and arise from unrelated transactions.

Similar to *Seymour/Jones*, the district court's opinion *Nottingham v. Peoria*, 709 F.Supp.542 (1988), which was also cited by Defendants in their opposition brief, involved a supplemental pleading wherein the plaintiff sought to add three new defendants for alleged due process violations that occurred almost five months after the original complaint was filed. *Id.* at 544. The court denied the plaintiff leave to file the supplemental pleading because the new cause of action arose out of events occurring after the original complaint and were unrelated to the set of facts in the original complaint. *Id.* at 544-45. Given these facts, the present case is distinguishable on the same grounds the *Seymour/Jones* case.

Finally, although the Seventh Circuit in *George v. Smith* stated that "[u]nrelated claims against different defendants belong in different suits," it did so in reference to the facts at issue in the case which involved a 50-claim, 24-defendant suit brought a *pro se* prisoner trying to bypass the three-strikes rule under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007). The Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced, but also to ensure that prisoners pay the required filing fees." *Id.* Such are not the facts in this case. Here, the Swensen is properly joined as a defendant with regard to the FMLA claims that were alleged in the original complaint and under Rule 18(a), Garrity may add his defamation claim against Swensen that was based on conduct that occurred before the initial Complaint was filed.

In sum, the Court concludes that Swensen is properly joined as a defendant in this case; that under Rule 18(a), Garrity may proceed to litigate the additional defamation claim against Swensen; and that Defendants will not suffer any undue prejudice by the litigation of this additional claim in this lawsuit.

### B.  Wrongful Termination Claim

Garrity has also moved to amend his Complaint to add a claim of wrongful termination under South Dakota law against Defendants. Although Defendants state that they are opposed to any amendment, Defendants do not state the specific reasons they are opposed to Garrity's Motion to add a claim for wrongful termination.

The South Dakota Supreme Court has stated that:

> Employees may be terminated at-will in South Dakota, except for (1) terminations that contravene public policy, (2) employees with express "for cause only" agreements or implied "for cause only" cases where an employee handbook contains a detailed list of exclusive grounds for discharge and a mandatory specific procedure the employer agrees to follow, or (3) an employee who accepted employment after being promised future promotion to a certain position.

*Bass v. Happy Rest, Inc.*, 507 N.W.2d 317, 321 (S.D. 1993). In his proposed Amended Complaint, Garrity alleges that Yankton County enacted a civil service system through the Yankton County Handbook ("the Handbook") in or around February 2005 and that the Handbook provides a mandatory, progressive warning procedure for disciplinary actions. Doc. 11-1, ¶¶ 90-91. Garrity alleges that Defendants failed to comply with their own policies and procedures in the disciplinary action taken against Garrity and in his termination. Doc. 11-1, ¶ 155. Garrity also alleges that Defendants have directed Garrity to act in violation of Section 203 of Yankton County's Handbook which requires County employees to make members of the public comfortable and to attempt to educate them in using County services and in ways to improve services. Doc. 11-1, ¶ 94. In addition, Garrity alleges that Defendants' termination of Garrity from his employment with Yankton County was in retaliation against him for speaking about matters of public concern, specifically that he did not agree with the County Commissioners' interpretation of the County's ordinance regarding CUPs, and that he did not approve of how the County Commissioner's agenda had been amended on short notice. Doc. 11-1, ¶¶ 41, 157.

A Court may deny a motion for leave to amend on the basis of futility—meaning, that the Court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (citation omitted). The Court concludes that Garrity's proposed Amended Complaint contains sufficient factual matter, that if accepted at true, states a claim to relief for wrongful termination under South Dakota law "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It may be that Garrity has no separate wrongful termination

13

claim under South Dakota Codified Law 60-11-17.1, but that can be determined at a later time. *See, e.g., Hug Luong v. China Garden*, Civ. No. 10-5069, 2012 WL 2122200, at *1 n.2 (D.S.D. Jun. 12, 2012) (citing SDCL § 60-11-17.1 in support of its statement that "[i]t is unlawful for any employer to engage in any threatened reprisal or termination of an employee who files a wage complaint."); Compensation Employment Law Alliance, *Global Employer Handbook, South Dakota* (2018) (citing SDCL § 60-11-17.1 and stating that "[e]mployers may not discharge, discriminate against, or threaten reprisal against an employee because of his or her complaint about the employer's failure to comply with the provisions of Chapter 60-11.").

Accordingly, it is hereby ORDERED that:

1) Garrity's Motion to Amend Complaint. Doc. 11, is GRANTED; Garrity shall file an Amended Complaint and shall correct the misnumbered paragraphs beginning on page 14 of the proposed Amended Complaint.

Dated this 2nd day of October, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
_____